ZACHARIAH NORTON, Plaintiff, *v.* GABRIEL WINTER, *et al.,* Defendants.

*Adjourned from Washington.*

In an action on a forthcoming bond given in an attachment suit, under the act of 1851, it is no answer to say that the defendants in the attachment " surrendered themselves to the process of the court" in that suit.

NORTON sued Winter and Latimer in the District Court of Washington County, and attached their goods and chattels, on the ground that they were non-residents of the territory. Defendants gave a bond to the attaching officer, conditioned that the property attached, or its appraised value in money, should be forthcoming to answer the judgment of the court. Plaintiff now sues for damages, averring a judgment in favor of himself, and against the said Winter and Latimer in the said suit, and a breach of the condition of said bond by defendants. Defendants, for answer, in substance say, that the said Winter

and Latimer, in the said attachment suit, "surrendered them-
selves to the process of the court, and appeared and answered
to the action." · Plaintiff moves to strike out this pleading
by defendants, on the ground that it is a sham and irrelevant
answer.

*A. Campbell,* for plaintiff.

*M. Chinn,* for defendants.

WILLIAMS, C. J.   Section 9 of the "Act allowing and re-
gulating writs of attachment," (*General Laws of Oregon, page*
60,) declares "that it shall be competent for such defendant,
(meaning the defendant in an attachment suit,) at or before
the second term, to file special bail or surrender himself into
custody, or elect to have the property attached remain in
custody."

The same section further provides, "that if the defendant
shall enter special bond, or surrender himself into custody, as
aforesaid, the operation of such attachment upon the property
and moneys of said defendant shall cease · in respect of the
plaintiffs, whose declarations may have been pleaded to in
custody, or by reason of having filed special bail."   Admit-
ting that Winter and Latimer, by surrendering themselves
into custody, or filing special bail, could thereby have dis-
solved the bond upon which this suit is brought, the answer
does not show that they did either of these acts.

What defendants mean by saying that Winter and Latimer
"surrendered themselves to the process of the court," is not
very apparent, but there seems to be an effort to get at a
defence by implication, which cannot, with truth, be set up
in a direct averment.   When a defendant appears in person,
and answers to any suit against him, he may in one sense be
said to surrender himself to the process of the court; but
*non constat* that he is "*in custody,*" for in a majority of civil
cases there is no power to hold a defendant "in custody."
·When the goods and chattels of Winter and Latimer were
seized under the writ of attachment, they were "in custody"

of the sheriff, but Winter and Latimer might have taken the place of their goods, and *then they* would have been " in custody" as the statute contemplates ; but if they did not thus substitute themselves instead of their property, then they " elected to have their property attached remain in custody."

Defendants' answer does not show that Winter and Latimer took the place of their goods "in custody," or that they did any thing more than personally to appear in court and answer to the suit, and therefore fails to show that Winter and Latimer's goods were released from the attachment, or that defendants' obligation in the forthcoming bond was discharged.

Nothing appearing in the answer to bar, or in any way affect plaintiff's right of recovery, the motion to strike out must be sustained.

Motion granted.